IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-cr-00042-MMC-2 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE** |
| v. | |
| FRANCISCO HEREDIA, | Re: Dkt. No. 177 |
| Defendant. | |

Before the Court is defendant Francisco Heredia's "Emergency Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)," filed June 12, 2020, whereby he seeks a reduction of his term of imprisonment from 96 months to time served, with home confinement as a condition of supervised release in lieu of the unserved balance. The government has filed opposition, to which defendant has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.

Pursuant to 18 U.S.C. § 3582(c):

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> > (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

See 18 U.S.C. § 3582(c).

On January 26, 2017, defendant was indicted on two counts. Count One alleged defendant conspired with co-defendant Roberto Flores-Santos to possess with intent to distribute "a mixture and substance containing 50 grams or more of a detectable amount of methamphetamine, its salts, isomers and salts of its isomers" (see Indictment at 1-2), and Count Two alleged defendant, along with Roberto Flores-Santos, possessed with intent to distribute said mixture and substance (see Indictment at 2).

On July 10, 2018, defendant, pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and in which the parties agreed he would be sentenced to a term of 96 months, pleaded guilty to both counts, which plea the Court accepted. On October 24, 2018, the Court, in conformity with the parties' agreement, sentenced defendant to a term of imprisonment of 96 months, to be followed by five years of supervised release.

Defendant, who is 27 years old, argues the requisite extraordinary and compelling reasons warranting his immediate release are the number of diagnosed COVID-19 cases at USP Lompoc, the prison in which he is incarcerated, and his statement that, in May 2020, he tested positive for tuberculosis.[1] Defendant also states he has not experienced any symptoms of tuberculosis and, consequently, he has what is described by the Centers for Disease Control and Prevention ("CDC") as a "latent tuberculosis infection." See https://www.cdc.gov/mmwr/volumes/69/rr/rr6901a1.htm?s (stating persons who are infected with tuberculosis but asymptomatic are "classified as having latent tuberculosis infection").

---

[1] The government has filed under seal a copy of defendant's medical records it received from the Bureau of Prisons. (See Liu Decl. Ex. A.) Although those records include no reference to defendant's having tested for tuberculosis, the government acknowledges such test results may be "too recent[ ] to be reflected in his medical records." (See Pl.'s Opp. at 6:13-16.)

As the government points out, the CDC has not identified latent tuberculosis, or even active tuberculosis, as a condition that places a person at heightened risk of contracting a severe illness if infected by COVID-19.  Although defendant acknowledges there is, at present, no scientific consensus on the connection between tuberculosis and COVID-19, defendant observes that, in spite of such uncertainty, some district courts have granted motions for release brought by persons diagnosed with latent tuberculosis. In those cases, however, the defendant either had serious symptoms indicating a lung disorder, see, e.g., United States v. Atwi, 2020 WL 1910152, at *1, 5 (E.D. Mich. April 20, 2020) (describing defendant as "coughing up blood"), or, in addition to testing positive for tuberculosis, had other underlying serious conditions, see, e.g., United States v. Burke, 2020 WL 3000330 (D. Neb. June 4, 2020) (referring to defendant's having "a seizure disorder" and "hypertension," as well as tuberculosis).

Moreover, in making a determination under § 3582(c)(1)(A), a district court is required to consider "the factors set forth in [18 U.S.C. §] 3553(a)," see 18 U.S.C. § 3582(c)(1)(A), which factors include "the kinds of sentence available and the sentencing range established" for the offenses, as well as the need for the sentence imposed to "reflect the seriousness of the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant."  See 18 U.S.C. §§ 3553(a)(2)(A-C), 3553(a)(4).

Here, although the guideline range applicable to defendant's crimes was 108-135 months, and the minimum term of imprisonment, in light of the quantity of methamphetamine defendant possessed, was 5 years, see 21 U.S.C. § 841(b)(1)(B)(viii), the only custodial sentence available, short of the Court's rejecting the Plea Agreement, was 96 months.  It is undisputed defendant has served 17 months of his custodial sentence, and that, after factoring in projected credits, the Bureau of Prisons has calculated defendant has more than 54 months remaining on his term of imprisonment. See https://www.bop.gov/inmateloc/ (stating defendant's release date is January 25, 2025).  An order releasing him at this time would result in a term of imprisonment not only

significantly lower than that to which the parties agreed, but less than a third of the minimum term of imprisonment, a sentence the Court does not find warranted under § 3553(a).

In sum, the Court finds defendant has failed to show the existence of extraordinary and compelling circumstances warranting his immediate release.

Accordingly, defendant's motion for modification is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 14, 2020

MAXINE M. CHESNEY
United States District Judge